UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAFELITE GROUP, INC.,

        Plaintiff,      :

  v.                            Case No. 2:21-cv-4558
                              Judge Sarah D. Morrison
                              Magistrate Judge Elizabeth A.
NATHANIEL LOCKRIDGE,          Preston Deavers
*et al.*,                        :

        Defendants.

## ORDER

There are several motions currently pending before the Court. Those motions include Motions to Set Aside Default filed by Defendants Jeffrey Nowak (ECF No. 54) and William Harris Billingsley (ECF No. 61), and a Motion to Stay Proceedings, also filed by Mr. Nowak (ECF No. 65).

**I.    MOTIONS TO SET ASIDE DEFAULT**

Federal Rule of Civil Procedure 55 provides a sequential, two-step process for obtaining a default judgment. First, a party must apply for and obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). Second, the party must apply to either the Clerk or the Court for a default judgment. Fed. R. Civ. P. 55(b). In this case, Plaintiff Safelite Group, Inc. has obtained an entry of default against Messrs. Nowak and Billingsley. (*See* ECF Nos. 36, 48.)

Rule 55 also provides that "[a] district court may, in its discretion, 'set aside an entry of default for good cause.'" *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir.

2020) (quoting Fed. R. Civ. P. 55(c)). "When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if 'good cause' has been shown . . . : (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (internal quotation and citation omitted). "All three factors must be considered in ruling on a motion to set aside an entry of default." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986) But when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id*. Further, "[b]ecause 'trials on the merits are favored in federal courts,' 'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Courser*, 969 F.3d at 624 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)) (cleaned up).

    In this case, the factors weigh in favor of finding good cause, and granting the pending Motions to Set Aside.

    Under the first factor, the Court considers whether culpable conduct on the part of either Mr. Nowak or Mr. Billingsley led to their default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996)

(internal quotation and citation omitted). Both Mr. Nowak and Mr. Billingsley argue that they had no intent to thwart these proceedings but, instead, were not properly served with notice of thereof. (*See* ECF Nos. 54, 61.) Their quick action in retaining counsel, moving to set aside the entries of default, and moving to dismiss the claims against them support their argument. (*See id*. *See also* ECF Nos. 46, 50.)

Turning to the second factor, the Court considers whether Mr. Nowak and Mr. Billingsley have a meritorious defense to Safelite's claims. A defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits. *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (citations omitted). In other words, if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell*, 434 F.3d at 834 (6th Cir. 2006) (internal quotation and citation omitted) (emphasis in original). Both defendants have filed motions to dismiss the claims against them for lack of jurisdiction. (ECF Nos. 56, 63.) This is sufficient for purposes of Rule 55(c).

Finally, the Court considers whether Safelite will be prejudiced by the Court setting aside the entries of default. Clearly, it will not. This case is in its infancy. It was first filed four months ago, and Messrs. Nowak and Billingsley were named as parties in an amended pleading filed less than two months ago. (*See* ECF Nos. 1, 15.)

Accordingly, Mr. Nowak's Motion to Set Aside Default (ECF No. 54) is **GRANTED**, and Mr. Billingsley's Motion to Set Aside Default (ECF No. 61) is also

**GRANTED**.

## II. MOTION TO STAY

Mr. Nowak also filed a motion seeking to stay the proceedings—or, in the alternative, stay discovery and continue the upcoming preliminary injunction hearing—pending (i) this Court's ruling on the above-granted motion to set aside default, (ii) proper service of process upon Mr. Nowak, and (iii) this Court's ruling on Mr. Nowak's motion to dismiss the complaint. The Motion (ECF No. 65) is **DENIED**.

    **IT IS SO ORDERED.**

                                    /s/ Sarah D. Morrison
                                    **SARAH D. MORRISON**
                                    **UNITED STATES DISTRICT JUDGE**