UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAFELITE GROUP, INC.,

      Plaintiff,      :

  v.                                    Case No. 2:21-cv-4558
                                        Judge Sarah D. Morrison
                                        Magistrate Judge Elizabeth A.
NATHANIEL LOCKRIDGE,             Preston Deavers
*et al.*,                                    :

      Defendants.

**OPINION AND ORDER**

Plaintiff Safelite Group, Inc. filed its Amended Complaint on November 15, 2021. (Am. Compl., ECF No. 15.) Defendants have each moved to dismiss the Amended Complaint for, *inter alia*, lack of personal jurisdiction. Defendant Nathaniel Lockridge first filed his Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Change Venue. (ECF No. 27.) Safelite responded (ECF No. 41) and Mr. Lockridge filed his reply (ECF No. 45). Defendant Caliber Collision Centers (Caliber Holdings Corporation) d/b/a Caliber Auto Glass next filed its Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer Venue. (ECF No. 34.) Safelite responded (ECF No. 49) and Caliber has replied (ECF No. 58). Defendant William Harris Billingsley then filed his Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction or, in the Alternative, to Change Venue (ECF No. 56), to which Safelite responded (ECF No. 78). Finally, Defendant Jeffrey Nowak filed his

Motion to Dismiss the Amended Complaint for Lack of Service, Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Change Venue (ECF No. 63), to which Safelite responded (ECF No. 79). In support of their respective positions, each party has filed one or more sworn affidavits or declarations.

For the reasons set forth below, Defendants' motions are **DENIED**.

## I.     BACKGROUND

Safelite's Amended Complaint asserts fourteen claims against Defendants, including misappropriation of trade secrets, breach of contract, conspiracy, and conversion. (Am. Compl., ¶¶ 102–251.) Safelite has also filed Motions for Preliminary Injunction against Messrs. Nowak and Billingsley. (ECF Nos. 40, 43.) A hearing on those motions is imminent. (*See* ECF No. 53.) The Court has thoroughly reviewed the Amended Complaint, all parties' motion papers, and all sworn affidavits and declarations submitted therewith. However, with an eye towards expediency, the Court declines to recite the full factual background giving rise to Safelite's claims. The following brief summary of the allegations in the Amended Complaint is offered instead:

Safelite is a nationwide auto glass repair and replacement company. (Am. Compl., ¶ 1.) Caliber is a nationwide collision repair company, actively expanding its auto glass repair and replacement business. (*Id.*, ¶¶ 17–20.) Safelite previously employed Mr. Nowak as a District Manager in Washington, and Messrs. Lockridge and Billingsley as Store Managers in Arizona and Texas, respectively. (*Id.*, ¶¶ 5–7.) All three men entered into non-competition, non-solicitation, and confidentiality agreements with Safelite (or its corporate predecessors) (Am. Compl. Exs. 1, 3, 4);

2

all three men had access to Safelite's proprietary and confidential business information while employed there (Am. Compl., ¶¶ 26, 53, 65); all three men left their long-term positions with Safelite in 2021 (*id.*, ¶¶ 22, 39, 50, 61, 62); and all three men took jobs with Caliber (*id.*, ¶¶ 42, 86). Safelite alleges that Caliber first enlisted Mr. Nowak to recruit managerial employees away from Safelite as part of its expansion efforts. (*Id.*, ¶¶ 42–45.) After they were hired, Messrs. Lockridge and Billingsley solicited additional Safelite employees and customers to end their relationships with Safelite in favor of Caliber. (*Id.*, ¶¶ 87–88.) Safelite alleges, and has presented some evidence, that Defendants misappropriated and misused documents containing Safelite's proprietary business information to further their scheme. (Am. Compl., ¶¶ 96–97. *See also* ECF No. 42-1.)

## II.     RULE 12(b)(2) — PERSONAL JURISDICTION

Rule 12(b)(2) provides for dismissal of a lawsuit for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  The plaintiff bears the burden of proving that jurisdiction exists, *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991), "over each defendant independently." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quoting *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006)). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458. If a court rules on a Rule 12(b)(2) motion prior to trial, "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which

would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005) (citation omitted). "[T]he decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006) (citation omitted). Here, neither discovery nor an evidentiary hearing is necessary to rule on the Defendants' Motions.

When a court resolves a Rule 12(b)(2) motion based on "written submissions and affidavits . . ., the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Theunissen*, 935 F.2d at 1458) (cleaned up). A plaintiff can meet the burden by "establishing with reasonable particularity sufficient contacts between [it] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). In the absence of an evidentiary hearing, courts apply the *prima facie* standard weighing the evidence in the light most favorable to the plaintiff. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). Nonetheless, the court may consider a defendant's undisputed factual assertions. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).

Personal jurisdiction over a defendant exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (internal quotation omitted) (alterations in original).

### A.     Ohio's Long-Arm Statute

"Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if its conduct falls within the nine bases for jurisdiction listed by the statute." *Conn*, 667 F.3d at 712. Safelite asserts that the following provisions of the Ohio long-arm statute confer personal jurisdiction over Defendants:

(1) Transacting any business in [Ohio];

(4) Causing tortious injury in [Ohio] by an act or omission outside [Ohio] if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Ohio]; [and]

(6) Causing tortious injury in [Ohio] to any person by an act outside [Ohio] committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in [Ohio.]

Ohio Rev. Code § 2307.382(A). The Court agrees.

Messrs. Lockridge, Nowak, and Billingsley were long-term employees of Safelite, an Ohio corporation; their pay and benefits were all administered in and from Ohio; and each of them traveled to Ohio on at least one occasion to participate in required trainings. Messrs. Lockridge and Nowak also entered into (and are alleged to have violated) written agreements related to their employment which, by their express terms, are governed by Ohio law and impose obligations upon them

5

even after termination of employment. Mr. Nowak is alleged to have facilitated Caliber's poaching of key employees away from Safelite to benefit its expansion into the auto glass repair industry. Messrs. Billingsley and Lockridge are alleged to have facilitated Caliber's poaching of employees and customers to the same end. Further, Mr. Billingsley is alleged to have exported confidential Safelite data, stored on a secure server located in Ohio, also for Caliber's benefit. These allegations amply satisfy Ohio's long-arm statute. *See, e.g.*, *ALTA Analytics, Inc. v. Muuss*, 75 F. Supp. 2d 773, 779 (S.D. Ohio 1999) (Marbley, J.) (finding that a former employee of an Ohio corporation was subject to service under Ohio's long-arm statute when he entered into a written employment agreement governed under Ohio law, he came to Ohio for sales and training meetings, and he made work-related sales contracts in Ohio); *Snap Med. Indus. v. Focus Health Grp., Inc.*, No. 2:20-cv-5557, 2021 WL 1893122, at *3 (S.D. Ohio May 11, 2021) (Morrison, J.) (finding that a non-resident business owner was subject to service under Ohio's long-arm statute when she sent correspondence to an Ohio customer in furtherance of an alleged scheme to tortiously divert business away from another Ohio company to her own).

    **B.    Due Process Clause**

This Court's exercise of personal jurisdiction over Defendants also comports with the Due Process Clause. To satisfy due process, a court's exercise of its power over an out-of-state defendant must "not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide*

6

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Due Process Clause of the Fourteenth Amendment recognizes two types of personal jurisdiction—general and specific—either one of which is adequate to confer jurisdiction over a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Safelite argues that this Court has specific jurisdiction over each Defendant. "Specific jurisdiction refers to jurisdiction over claims arising from or related to a defendant's contacts with the forum state." *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018). The Sixth Circuit has "promulgated a three-prong test that not only guides the determination of whether specific jurisdiction exists, but also protects the due process rights of a defendant[:]"

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera Corp.*, 428 F.3d at 615 (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). "Failure to meet any one of the three prongs means that personal jurisdiction may not be invoked." *Maclin*, 314 F. Supp. 3d at 849.

The Court finds that, as to each Defendant, each prong is satisfied. Each Defendant has purposefully availed himself, or itself, of the privilege of acting in Ohio or causing a consequence in Ohio. Defendants' contacts with Ohio—including long-term employment relationships and an alleged scheme to grow a new market entrant's business by syphoning documentary and institutional knowledge from an Ohio-based industry bulwark—are such that they are "subject to regulation and

7

sanctions in [Ohio] for the consequences of their activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). *See, e.g., CrossCountry Mortg. v. Messina*, No. 1:19-cv-1021, 2019 WL 5653288, at *11–12 (N.D. Ohio Oct. 31, 2019) (finding the purposeful availment prong satisfied where defendants agreed to continuing obligations in an employment agreement with an Ohio company and were alleged to have misappropriated said company's confidential information to divert customers to their new employer); *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 168 (S.D. Ohio 2012) (Rose, J.) (finding the purposeful availment prong satisfied on allegation of misappropriating trade secrets from an Ohio company, because "[t]he misappropriation of trade secrets belonging to an Ohio company causes consequences in Ohio") (citation omitted). Safelite's claims "lie in the wake" of those contacts. *Air Prods. & Controls*, 503 F.3d at 553. Finally, the consequences of Defendants' contacts, which are felt and borne in Ohio, are such that this Court's exercise of personal jurisdiction over each Defendant is reasonable. *See id.* at 554.

Defendants' motions to dismiss for lack of personal jurisdiction are **DENIED**.

### III.    RULE 12(b)(3) — IMPROPER VENUE

Messrs. Lockridge, Nowak, and Billingsley also argue that, under Rule 12(b)(3), Safelite's claims against them should be dismissed for improper venue. Except as otherwise provided by statute, § 1391 "govern[s] the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a)(1). Pursuant to that section,

[a] civil action may be brought in—

8

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "[V]enue is proper so long as the requirements of § 1391(b) are met[.]" *Atl. Marina Constr. Co., Inc. v. U.S. Dist Court for W. Dist. of Tex.*, 571 U.S. 49, 57 (2013). Having concluded that each Defendant is subject to this Court's personal jurisdiction with respect to this action, venue is not improper.

The motions to dismiss for improper venue are **DENIED**.

## IV. RULE 12(b)(5) — SERVICE OF PROCESS

Mr. Nowak further argues that the claims against him should be dismissed because Safelite failed to properly serve him with process. (Nowak Mot., 4.) *See also* Fed. R. Civ. P. 12(b)(5). Safelite has since filed notice of supplemental service on Mr. Nowak, indicating via sworn affidavit that Mr. Nowak was personally served with process on January 14, 2022. (ECF No. 70.) Accordingly, Mr. Nowak's motion to dismiss for insufficient service of process is **DENIED as moot**.

## V. 28 U.S.C. § 1404 — TRANSFER VENUE

Finally, Defendants move the Court to transfer the case to a more convenient venue.

9

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]

28 U.S.C. § 1404(a). To determine whether a case "might have been brought" in a particular venue, courts look to whether that venue could exercise original jurisdiction over the case, would have personal jurisdiction over the defendants, and would be proper. *Zimmer Enters., Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 990 (S.D. Ohio 2007) (Rose, J.). And to evaluate convenience and the interests of justice, courts consider: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice." *Id.* (internal quotation and citation omitted). "District courts have wide discretion in deciding motions to transfer." *Id.*

The Amended Complaint alleges a certain level of coordination among the Defendants. Nonetheless, Defendants do not agree on the appropriate transferee court. Caliber proposes transferring the action to the Eastern District of Texas; Mr. Billingsley appears to propose remanding the case to state court in Harris County, Texas; Mr. Lockridge proposes a transfer to the District of Arizona; and Mr. Nowak proposes the Western District of Washington. The purpose of § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.*, 364

10

U.S. 19, 26–27 (1960)). The Court struggles to understand how transferring this action to any of the proposed venues would promote efficiency or protect the parties against unnecessary inconvenience.

The motions to transfer venue are **DENIED**.

## VI. CONCLUSION

For the reasons set forth above, Defendants' Motions (ECF Nos. 27, 34, 56, and 63) are **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**