IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAFELITE GROUP, INC.,**

    **Plaintiff,**

                                                **Civil Action 2:21-cv-4558**
**v.**                                    **Judge Sarah D. Morrison**
                                                **Magistrate Judge Elizabeth P. Deavers**

**NATHANIEL LOCKRIDGE,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Safelite Group, Inc.'s Motion for Leave to File Second Amended Complaint. (ECF No. 104.) Plaintiff seeks leave to file an Amended Complaint to name Bryan Lynch as a new Defendant and to add a spoliation claim against Defendants William Harris Billingsley and Caliber Collision Centers. (*Id.*) On April 4, 2022, Defendant Billingsley filed a Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint, arguing the futility of Plaintiff's proposed spoliation claim. (ECF No. 115.) On that same date, Defendant Caliber Collision Centers filed a Notice of Non-Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, reserving its right to challenge any aspect of the Second Amended Complaint. (ECF No. 116.) No other Responses have been filed. Plaintiff filed a Reply brief on April 15, 2022. (ECF No. 121.)

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). While Defendant Billingsley is correct that futility can constitute sufficient grounds to deny leave to amend, the Court is not persuaded that denying leave to amend is appropriate at this time.

Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See, e.g., Lauren v. PNC Bank, N.A.*, No. 2:14–cv–0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) (recognizing the "conceptual difficulty presented"), and 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course is to permit Plaintiff to amend the Complaint under Rule 15's liberal standard, with the understanding that any Defendant is free to challenge the Second Amended Complaint through a motion to dismiss or a motion for judgment on the pleadings. *See Lauren*, 2014 WL 1884321, at *3 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *see also Coleman v. Caliber Home Loans, Inc.*, No. 2:14–cv–243, 2014 WL 6821163, at *3 (S.D. Ohio Dec. 3, 2014) (granting motion for leave to amend where "[r]esolution of the specific challenges to plaintiffs' claims are, in this Court's estimation, better left for consideration by the District Judge in the context of a renewed motion to dismiss").

Accordingly, for good cause shown, Plaintiff Safelite Group, Inc.'s Motion for Leave to File a Second Amended Complaint, (ECF No. 104), is **GRANTED** pursuant to Federal Rule of Civil Procedure 15.  The Clerk is **DIRECTED** to file Plaintiff's Second Amended Complaint, including the accompanying exhibits, attached to the Motion. (ECF Nos. 104-1 through 104-3.)

**IT IS SO ORDERED.**

Date: April 19, 2022                                              /s/ *Elizabeth A. Preston Deavers*
                                                                  ELIZABETH A. PRESTON DEAVERS
                                                                  UNITED STATES MAGISTRATE JUDGE