IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAFELITE GROUP, INC.,**

    **Plaintiff,**

    v.

**NATHANIEL LOCKRIDGE, et al.,**

    **Defendants.**

Case No. 2:21-cv-4558
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Bryan Lynch's Motion for Extension of Time to respond to Plaintiff Safelite Group, Inc.'s First Set of Request for Admissions, Interrogatories, and Requests for Production of Documents. (ECF No. 160.) As directed, Plaintiff has filed an expedited response and (ECF No. 163) and Defendant Lynch has filed a Reply (ECF No. 168). For the following reasons, the Court **DENIES** Defendant's Motion for an extension of time.

### I.

By way of brief background, Plaintiff filed a Second Amended Complaint on April 20, 2022, naming Bryan Lynch as an additional Defendant and adding a spoliation claim against Defendants William Billingsley and Caliber Collision Centers. (ECF No. 126.) On June 13, 2022, Defendant Lynch filed a motion to dismiss, asserting in part, the Court's lack of personal jurisdiction over him. (ECF No. 134.) Nine days later, Defendant Lynch filed the current

extension request.  He seeks an extension of time until two weeks after the Court rules on his motion to dismiss in which to respond to the discovery requests.[1]

Defendant Lynch contends that he is not seeking a stay of discovery but asserts that his requested extension of time is necessary to avoid the substantial burden presented by potentially unnecessary discovery.  Plaintiff responds that Defendant Lynch is, in fact, seeking a stay of discovery pending a ruling on his motion to dismiss.  Without question, the Court agrees that despite his characterization of his intention, Defendant Lynch seeks a stay of discovery.  Indeed, regardless of his framing, Defendant Lynch all but concedes this in his reply.   Accordingly, the Court construes the motion as seeking a stay of discovery and will undertake the applicable analysis.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation

---

[1] Absent an extension, by agreement of the parties, Defendant Lynch's discovery responses were due July 13, 2022.

2

on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

3

### III.

The Court concludes that Defendant Lynch has failed to demonstrate that a stay of discovery is justified here. This case does not present a question of immunity nor are the claims asserted against him in the Second Amended Complaint obviously frivolous such that the Court could conclude Defendant Lynch's motion to dismiss is likely to be granted. Rather, as noted, the essence of his argument is that discovery should be stayed because his motion to dismiss is addressed, in part, to the threshold issue of personal jurisdiction. The existence of a jurisdictional issue, even a challenge to personal jurisdiction, does not necessarily weigh in favor of granting a stay. That is, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay. *See e.g.*, *Ohio Bell Tele.,* 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly debatable"). Without expressing any opinion as to the merits of Defendant Lynch's particular dispositive motion, Plaintiff has, to date, successfully challenged similar jurisdictional arguments raised by other Defendants. Nothing in the record suggests that Plaintiff intends to forego asserting a comparable challenge to Defendant Lynch's jurisdictional argument. To this point, Plaintiff recently filed a motion seeking a preliminary injunction against Defendant Lynch. (ECF No. 172.)

Moreover, as is typically the case with a jurisdictional challenge, any merits-based discovery at issue will be available for use in any subsequent action, and granting a stay will only delay the resolution of Plaintiff's claims against Defendant Lynch. *DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc.,* No. 2:15-CV-70, 2015 WL 7450893, at *11 (S.D. Ohio Nov. 24, 2015), *report and recommendation adopted,* No. 2:15-CV-70, 2015 WL 8773473 (S.D.

Ohio Dec. 14, 2015).  Indeed, this Court has explained that a request for a stay of discovery pending resolution of a motion to dismiss that does not go to the merits of the case is less compelling:

> [R]equests for a stay of discovery pending the resolution of an initial Rule 12 motion are not limited to motions brought under Rule 12(b)(6). Parties commonly move for stays of discovery pending a variety of Rule 12 motions, including motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or improper venue. However, the impact of these types of motions on the issue of whether discovery should proceed is not substantially different. In fact, it could be argued that because these types of motions do not go to the merits of the case, but only to the forum in which it proceeds, there is even less reason to stay discovery pending their outcome. Any discovery taken while such a motion is pending would, of course, be available for the parties to use if the case is dismissed other than on the merits and then refiled in a Court where subject matter or personal jurisdiction is proper.

*Charvat v. NMP, LLC*, 2:09-cv-209, 2009 WL 3210379, at *2–3 (S.D. Ohio Sept. 30, 2009); *see also Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (denying motion to stay discovery pending resolution of motion to dismiss for personal jurisdiction because, even if the court dismissed the case, it would be refiled somewhere and staying discovery would only result in delay); *Oxford Lending Grp., LLC*, 2010 WL 4026145, at *2 (denying motion to stay discovery pending resolution of motion to dismiss for personal jurisdiction because even if the court dismissed the case, it would be without prejudice to refiling in the appropriate jurisdiction); *DSM Desotech, Inc.*, 2015 WL 7450893, at *11 (finding defendant had not met burden of demonstrating a stay was appropriate pending resolution of motion to dismiss for lack of personal jurisdiction); *Slate Rock Const. Co., Ltd., v. Admiral Ins. Co.*, No. 2:10-cv-1031, 2011 WL 1641470, at *3–4 (S.D. Ohio May 2, 2011) (allowing merits-based discovery to proceed despite pending jurisdictional motions and finding there is "little reason to delay [the] discovery" because discovery would ultimately proceed in an alternative forum even if the pending motions were successful).   That is the situation here.  Even

if Defendant Lynch's motion to dismiss is successful in its challenge to personal jurisdiction, Plaintiff's claims against him will proceed somewhere, and a stay of discovery would "not really save . . . any resources in the long run, but would delay the ultimate resolution of the case in this Court, should it remain here, and might have a similar effect on any [other court where the] case filed." *Charvat,* 2009 WL 3210379, at *2. Defendant Lynch does not seriously contend otherwise, speculating in passing that refiling of the action "is not necessarily the case when the issues involves the lack of personal jurisdiction." (ECF No. 168 at 4-5.) Under these circumstances, Defendant Lynch has not shown that a stay of discovery is appropriate in this case.

Defendant Lynch's reliance on *Victoria's Secret Stores Brand Management, Inc. v. Bob's Stores, LLC*, No. 2:13-cv-1261, 2014 WL 1045994 (S.D. Ohio Mar. 17, 2014) is not persuasive. That case "simply illustrates that a trial court has broad discretion in deciding whether to stay discovery in a particular case." *DSM Desotech,* 2015 WL 7450893, at *12. Defendant Lynch has not articulated any substantial hardship in proceeding with discovery. His wholly conclusory assertions of expense and burden are insufficient to outweigh the potential prejudice to Plaintiff in this case. *See, e.g.*, *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-cv-1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011) (denying a motion to stay discovery where the "the City ma[de] no effort to detail the specific burdens it will face from discovery . . . nor d[id] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court").

Similarly, Defendant Lynch's contention that responding to the discovery requests at this juncture places his jurisdictional defense in jeopardy is to no avail. To the extent that he may have any reasonable basis for this belief, there are other avenues open to him to address this

concern short of a stay of discovery. *See SNMP Rsch., Inc. v. Broadcom Inc.*, No. 3:20-CV-451-CEA-DCP, 2021 WL 2636011, at *7 (E.D. Tenn. June 25, 2021) (discussing circumstances under which a defendant's participation in discovery does not necessarily constitute a waiver of its personal jurisdiction defenses where plaintiff specifically had reserved the right to assert that participation in discovery constituted waiver).  The Court also finds no merit to Defendant Lynch's claim that discovery should be stayed based on amendments to the case schedule or Plaintiff's request for an extension of time to respond to his motion to dismiss.  This argument, suggesting that the current litigation posture precludes any prejudice to Plaintiff arising from a stay, is insufficient, on its own, to overcome the other factors as discussed above.  For these additional reasons, the Court finds that Defendant Lynch has not satisfied his burden of demonstrating that a stay of merits-based discovery is warranted.

## IV.

For the foregoing reasons, the Court finds that Defendant Lynch has not carried his burden to show that his request for a stay of discovery, submitted under the guise of a motion for an extension of time, is appropriate under the circumstances presented here. Accordingly, Defendant's Motion for an Extension of Time, construed by the Court as a motion to stay discovery, is hereby **DENIED**. (ECF No. 160.)  Defendant Lynch is **ORDERED** to respond to Plaintiff's outstanding discovery requests within **FOURTEEN DAYS OF THE DATE OF THIS ORDER**, unless the parties agree to a different date.

**IT IS SO ORDERED.**

**Date: July 15, 2022**              */s/ Elizabeth A. Preston Deavers*
                            **ELIZABETH A. PRESTON DEAVERS**
                            **UNITED STATES MAGISTRATE JUDGE**