IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAFELITE GROUP, INC.,**

  **Plaintiff,**

  vs.

**NATHANIEL LOCKRIDGE,** *et al.,*

  **Defendants.**

Case No. 2:21-cv-04558

Judge Sarah D. Morrison

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Caliber Collision Centers (Caliber Holdings Corporation) d/b/a Caliber Auto Glass' ("Caliber") Motion to Compel Damages Discovery from Plaintiff (ECF No. 212), Plaintiff Safelite Group, Inc.'s ("Safelite") Response (ECF No. 219), and Caliber's Reply (ECF No. 225). For the reasons that follow, Caliber's Motion to Compel is **GRANTED in part** and **DENIED WITHOUT PREJUDICE in part.**

I.

Briefly, by way of background, as set forth in the Second Amended Complaint filed April 20, 2022, Safelite is a nationwide auto glass and repair and replacement company. (ECF No. 126.) It brings this action against Defendants Caliber Collision Centers (Caliber Holdings Corporation) d/b/a Caliber Auto Glass ("Caliber"), Jeffrey Nowak ("Nowak"), William Harris Billingsley ("Billingsley"), Nathaniel Lockridge ("Lockridge"), Bryan Lynch ("Lynch"), and John Does 1–100 (collectively, "Defendants"). (*Id.*)

1

According to Safelite, Defendants knowingly and maliciously developed and participated "in a systematic scheme and conspiracy designed to unlawfully increase Caliber's presence in the auto glass repair and replacement industry at Safelite's expense." (Second Amended Complaint, ECF No. 126, at ¶ 1.) Safelite alleges that Caliber, a direct competitor of Safelite, induced Nowak, Billingsley, Lockridge, Lynch, and others "to violate the valid and enforceable restrictive covenants they had signed as part of their employment with Safelite in order to become the primary figures in Caliber's scheme to build up its auto glass repair and replacement business." (*Id*. at ¶ 1a.) Further, Safelite asserts that, "[w]ith Caliber's knowledge and enticement, Nowak, Billingsley, Lockridge, and Lynch, by common plan, design, and while acting in concert (1) deliberately breached their non-competition, non-disclosure, and non-solicitation agreements with Safelite, (2) became Caliber employees, and (3) systematically targeted current Safelite technicians, employees, and customers utilizing Safelite's confidential, proprietary, and trade secret information they misappropriated during and after their employment with Safelite." (*Id.* at ¶ 1b.) Safelite further alleges that "[u]sing Safelite's confidential, proprietary, and trade secret information, Nowak, Billingsley, Lockridge, and Lynch (1) solicited Safelite technicians to end their business relationships with Safelite and work for Caliber, causing the defection of several high-performing Safelite technicians, and (2) directed Caliber technicians to solicit current Safelite customers to end their business relationships with Safelite and purchase Caliber services instead." (*Id*. at ¶ 1c.) Finally, Safelite contends that "Caliber instructed Nowak, Billingsley, Lockridge, and Lynch to mislead people when discussing their roles with Caliber and the geographical markets where they worked for Caliber." (*Id*. at ¶ 1d.) According to Safelite, each Defendant's actions violate numerous federal and state laws and the

actions of Nowak, Billingsley, Lockridge, and Lynch "directly contravene their contractual and other duties owed to Safelite." (*Id.*)

By way of further background relevant to the current motion, at the time Caliber moved to compel, the discovery deadline was May 1, 2023. (ECF No. 169.) In between the filing of Caliber's motion and Safelite's response, the Court granted the parties' joint motion for an extension of the case schedule, extending the discovery deadline to December 1, 2023. (ECF No. 217.) Further, on March 6, 2023, the Court issued an Opinion and Order dismissing the following claims, to the extent they were based on the misappropriation of proprietary information: Count 5 (Tortious Interference with Business Relationships); Count 6 (Tortious Interference with Contractual Relationships); Count 7 (Conspiracy); and Count 9 (Breach of Duty of Loyalty). (ECF No. 229.) The Court also dismissed the following claims in full: Count 8 (Unjust Enrichment); Count 10 (Conversion); and Count 11 (Aiding and Abetting). (*Id.*)

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parts to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.*

3

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc*., 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc*., 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming

4

that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citation omitted)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

"[T]he Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)). This Court has previously held that "[t]hese factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting 'their original place in defining the scope of discovery'" because "'[r]estoring proportionality' is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions." *Siriano*, 2015 WL 8259548, at *5 (citing Fed. R. Civ. P.

26(b)(1)). In analyzing the extent of the burden on the producing party, the Court of Appeals for the Sixth Circuit "has held that limiting the scope of discovery is appropriate when compliance 'would prove *unduly* burdensome,' not merely expensive or time-consuming." *Id.* (citing *Surles*, 474 F.3d at 305) (emphasis in original).

### III.

As an initial matter, Safelite asserts that Caliber failed to include the required Rule 37 certification language in its Motion. As both parties acknowledge, the Court held a discovery conference on December 7, 2022. Beyond this, the Court is satisfied from discussions during the December discovery conference, that this issue was not capable of resolution by extra-judicial means. Based on discussions at that conference, the Court anticipated Caliber's motion. Thus, the Court finds no merit to any suggestion that Caliber's failure to include such language may present a procedural basis for denying the motion. The Court now considers the matters at issue.

The crux of Caliber's motion is that Safelite has refused to provide Caliber with any documents or other information supporting Safelite's claim for damages. According to Caliber, this alleged failure has extended from Safelite's Initial Disclosures through two sets of discovery requests propounded by Caliber to Safelite. Accordingly, Caliber seeks an order compelling Safelite to supplement its Initial Disclosures to provide all information required by Rule 26(a)(1)(A)(iii) including (i) a computation of its alleged damages; (ii) documents or other evidentiary material on which each computation is based, such as profits and loss statements and other financial documents, and (iii) materials bearing on the nature and extent of injuries suffered. (ECF No. 212 at 17.) Caliber also requests that Safelite be compelled to supplement its responses to Interrogatory No. 13 as set forth in Caliber's First Set of Interrogatories served

6

on February 16, 2022[1]. Further, Caliber requests that Safelite be compelled to supplement its responses to Interrogatory No. 18 and Requests for Production 33-41, 44-46, 50 and 57 as set forth in Caliber's "Second Discovery Requests" served on June 1, 2022.[2] Finally, Caliber requests an award of attorneys' fees and costs associated with filing its motion. The Court addresses these issues in turn.

### A. Initial Disclosures

Caliber argues that Safelite has failed to comply with Rule 26(a)(1)(A)(iii) because Safelite did not include "a computation of each category of damages" in its Initial Disclosures. Safelite does not contend otherwise but instead raises two points in response, one again procedural and one substantive. As a procedural matter, Safelite contends that this issue is not properly before the Court because Caliber has never raised the sufficiency of Safelite's Initial Disclosures despite ample opportunity to do so. More substantively, Safelite explains that it has provided Caliber with a list of each category of damages it seeks, recognizes that a damages calculation as to each category and the documents on which the calculations are based are relevant, and argues that Rule 26 does not require it to provide a computation of its actual damages. In Safelite's view, Caliber is requesting precise calculations that Safelite does not currently have and will not have until its hired expert calculates these numbers or it obtains additional discovery from Caliber. According to Safelite, it will provide this information when it is possible to do so. In reply, Caliber dismisses Safelite's explanation as a stalling tactic and

---

[1] According to Caliber, its First Set of Interrogatories relate to allegations set forth in Safelite's First Amended Complaint filed on November 15, 2021 (ECF No. 15). (ECF No. 212 at 5.)
[2] According to Caliber, its Second Set of Interrogatories relate to allegations set forth in Safelite's Second Amended Complaint filed on April 20, 2022 (ECF No. 126). (ECF No. 212 at 7.)

cites several holdings confirming that, under Rule 26, in making its Initial Disclosures, Safelite is obligated to disclose the best information then reasonably available to it.

The Court again finds no merit to Safelite's procedural argument here. Caliber asserts that it informed Safelite of the deficiencies on September 16, 2022. Caliber cites to a copy of a letter dated September 16, 2022 and sent via email to Safelite's counsel which it has attached as an exhibit to its motion. (ECF No. 212-5.) That letter states, in relevant part:

> Damages are a basic, threshold category of discovery that is mandated by the Federal Rules. Specifically, Rule 26(a)(1)(iii) requires a party to provide a **computation of each category of damages** alleged as well as documents and other evidentiary material on which each computation is based. *Lee v. GAB Telecom, Inc.*, No. 12-CV-14104, 2013 WL 4041875, at *4 (E.D. Mich. Aug. 8, 2013) (granting motion to compel calculation of damages despite plaintiffs' objections that they had answered the questions to the best of their ability). Certainly, the information Caliber seeks is directly relevant to the specific allegations in the Second Amended Complaint and should have already been provided in Safelite's Initial Disclosures.

(*Id.* at 4.)

On the substantive issue, Caliber has the better argument here. "Each party in their initial disclosures is required to provide other parties 'a computation of each category of damages,'" Fed. R. Civ. P. 26(a)(1)(A)(iii), based on the information reasonably available to it, Fed. R. Civ. P. 26(a)(1)(E)." *Sinomax USA, Inc. v. Am. Signature Inc.,* No. 2:21-CV-3925, 2022 WL 1301683, at *4 (S.D. Ohio May 2, 2022). "The party must also disclose documents on which the calculation is based." *Id*. (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)). "As discovery proceeds, parties must supplement these initial disclosures 'in a timely manner.'" *Id.* (citing Fed. R. Civ. P. 26(e)(1)(A)).

The Court acknowledges Safelite's stated intention to use an expert for its damages calculations. Further, Safelite is correct in arguing that a party is not required "'to provide a computation of its actual damages, if it does not have the information required to make this

8

calculation, so long as it diligently works to obtain this information and provides the computation within the discovery period.'" *Sinomax,* 2022 WL 1301683, at *4 (quoting *Jake's Fireworks, Inc. v. Sky Thunder, LLC*, No. 16-CV-2475-JAR-GLR, 2017 WL 4037705, at *3 (D. Kan. Sept. 13, 2017)). Nevertheless, to the extent Safelite has damages information— "including an estimation of its damages, documents on which its damages computations will be based, or a general computation methodology— that information is subject to disclosure." *Id.*

While, as Safelite asserts, a precise damages calculation may require expert analysis, the Court does not construe this aspect of Caliber's request as it relates to Safelite's Initial Disclosures as requiring a *precise* calculation. Nor, of course, does Rule 26 require such a level of precision in the context of initial disclosures. Fed. R. Civ. P. 26(a)(1)(E). Accordingly, Safelite should disclose the required information on its damages calculation, so that Caliber may assess its risk of exposure. *Sinomax,* 2022 WL 1301683, at *4. This is also true to the extent that Safelite contends that it needs discovery from Caliber to calculate its damages. *Id.* (citing *G & J Gears Australia Pty. Ltd. v. Rockcrusher USA LLC.*, No. 4:06 CV 2314, 2009 WL 10688912, at *3 (N.D. Ohio Feb. 13, 2009)). If Safelite has an estimate or a general methodology it intends to use with respect to the particular damages awaiting Caliber's discovery, that information is subject to disclosure. *Id.* Accordingly, to this extent, Caliber's motion to compel is **GRANTED in part** and Safelite is **DIRECTED** to produce this information within **TWENTY-ONE (21) DAYS** of the date of this Order.

B. Discovery Requests

Caliber asserts that the discovery requests at issue "each seek information about damages pled by Safelite in its First and Second Amended Complaints" and Safelite "cannot dictate how, when, and under what circumstances it will comply" with the relevant Federal Rules. (ECF No.

9

225 at 7-8; ECF No. 212 at 14.)   For its part, Safelite agrees that the information sought in the Requests for Production is relevant, asserts that it has made two large ESI-productions of emails responsive to some of the requests, and explains that additional, non-ESI documents need to be gathered and produced.  Safelite also asserts that, as for the Interrogatory responses at issue, it will produce any and all damages calculations and supporting documentation in a timely fashion once they are available.  In reply, Caliber argues that the requested information should be readily available to Safelite and that Safelite already should have provided it under Rule 26.  Indeed, Caliber contends that, because Safelite failed to comply with Rule 26, it "was forced to incur time and money drafting additional, targeted discovery requests."  (ECF No. 225 at 9.)

Distilled down, the parties' dispute at this point is directed to timing rather than specific substantive objections.  In short, Caliber believes it is entitled to any damages information Safelite has available now while Safelite believes that it is entitled to wait to produce any information until it can provide precise information.  As set forth above, the Court has ordered Safelite to comply with its obligations regarding its Initial Disclosures as set forth in Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) and Fed. R. Civ. P. 26(a)(1)(E).  Given Caliber's stated purpose behind the discovery requests at issue here, this may be sufficient to resolve this aspect of the motion to compel as well.  Beyond that, the Court is aware, both from Safelite's representations during discussions with the parties, and the parties' briefing on this motion, that Safelite is diligently working toward meeting its discovery obligations.  Moreover, as noted, since the filing of the motion to compel, the Court has granted the parties' joint request for an extension of the discovery and expert report deadlines.  (*See* ECF No. 217.)  Thus, under these circumstances and at this time, the Court declines to issue an order compelling Safelite to provide documents or other information supporting its claim for damages in response to

10

Caliber's written discovery. Accordingly, this aspect of Caliber's motion to compel is **DENIED WITHOUT PREJUDICE** to re-filing in the future as may become necessary.

### C. Attorneys' fees and costs

Finally, this brings the Court to the matter of attorneys' fees and costs. Caliber requests attorneys' fees and costs incurred in connection with the filing of its motion pursuant to Rule 37(a)(5). For its part, Safelite makes a cursory corresponding request for fees incurred in responding to Caliber's motion.

As set forth above, Caliber's motion to compel is granted in part and denied in part. Rule 37(a)(5)(C) applies in such a situation. Fed. R. Civ. P. 37(a)(5)(C). Under that provision of the Rule, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *Id.* "A court has discretion under Fed. R. Civ. P. 37(a)(5)(C) as to whether to apportion reasonable expenses for a motion to compel that is granted in part and denied in part." *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, No. 1:17-CV-399, 2019 WL 1760175, at *2 (S.D. Ohio Apr. 22, 2019), *report and recommendation adopted,* No. 1:17CV399, 2019 WL 2124471 (S.D. Ohio May 15, 2019) (citing *Hollingsworth v. Daley*, No. 2:15-cv-36, 2016 WL 2354797, at *2 (E.D. Ky. Mar. 21, 2016) *report and recommendation adopted*, 2016 WL 1737956 (E.D. Ky. May 2, 2016)). Relevant factors to consider include willfulness, bad faith and prejudice. *Id.* (citing *Spees v. James Marine, Inc.*, No. 5:08-cv-73, 2009 WL 981681, at *5 (W.D. Ky. Apr. 13, 2009)). "An award of sanctions under Rule 37(a)(5)(C) has been held to be inappropriate where the parties prevailed on a motion to compel 'in approximate equal degree.'" *Canter*, at *2 (quoting *Wright v. State Farm Fire and Cas. Co.*, No. 2:12-cv-409, 2013 WL 1945094, at *6

11

(S.D. Ohio May 9, 2013) (citations omitted)).  Under the circumstances of this case as described above, the Court exercises it discretion to **DENY** both requests for fees or costs.

**IV.**

For the forgoing reasons, the Motion to Compel (ECF No. 212) is **GRANTED in part** and **DENIED WITHOUT PREJUDICE in part.**  Safelite is **DIRECTED** to produce the information set forth above within **TWENTY-ONE (21) DAYS** of the date of this Order.  The parties' requests for fees or costs are **DENIED.**

**IT IS SO ORDERED.**

**Date: March 29, 2023**                             /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**