IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAFELITE GROUP, INC.,

    **Plaintiff,**

                                          Case No. 2:21-cv-4558
                                          Judge Sarah D. Morrison
    v.                                    Magistrate Judge Elizabeth P. Deavers

NATHANIEL LOCKRIDGE, *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Caliber Collision Centers (Caliber Holdings Corporation) d/b/a Caliber Auto Glass' ("Caliber") "Motion to Strike Plaintiff's Blanket Attorneys' Eyes Only Designations or, Alternatively, to Compel Plaintiff to Redesignate its Documents" (ECF No. 266), Plaintiff Safelite Group, Inc.'s ("Safelite") Response (ECF No. 268), and Caliber's Reply (ECF No. 270).  For the reasons that follow, Caliber's Motion (ECF No. 266) is **GRANTED, in part,** and **DENIED, in part.**

This Court has reviewed the briefing in its entirety.  Despite the now customary bevy of accusation and blame-shifting exchanged between these parties, the current dispute regarding Safelite's Attorneys' Eyes Only ("AEO") designations does not warrant significant discussion.  This is so because, at bottom, Safelite does not seriously dispute that it has over-designated, at least to some degree.  Moreover, by way of remedy, Safelite has offered to conduct a full re-review of its production.  For its part, Caliber also proposes a re-review.  Caliber's proposal, however, contains additional stipulations, including that Safelite complete its re-review within fourteen days; that the Court establish a "reasonable limit" on the number and percentage of

documents that Safelite may re-designate as AEO;[1] and that if Caliber challenges any re-designation, Safelite file a motion within ten days justifying the designation or the document loses its AEO status.

As suggested by the parties, the Court agrees that an appropriate resolution of the issue here is to require Safelite to undertake a full re-review of its production, consistent with the terms of the Stipulated Protective Order (ECF No. 84). Those terms, repeated here for emphasis, include, in relevant part:

> **4. Designating Material**
>
> **a. Designating Material As Confidential:** Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.
>
> **b. Designating Material As Attorneys' Eyes Only.** Any party, or any third party subpoenaed by one of the parties, may designate as Attorneys' Eyes Only and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 4.a, but as to which the Producing Entity also asserts in good faith that the information is so competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the Producing Entity.
> …
>
> **12. Disputes As To Designations.** Each party has the right to dispute the Confidentiality Designation asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at

---

[1] In discussions with counsel, Caliber had proposed not more than 20% of the total. (ECF No. 268-2 at 5.)

> all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

(*Id*. at 2-3, 12.)

The Court notes that, for purposes of this re-review, Caliber has identified 184 pages of Safelite's non-ESI production for which it has agreed not to challenge Safelite's AEO designation. (ECF No. 270 at n.4.) Accordingly, these documents are excluded from Safelite's otherwise full re-review. For its part, Safelite has agreed to de-designate the specific documents identified in Caliber's Motion. (ECF No. 266 at 6.) These documents also are excluded from Safelite's otherwise full re-review.

The Court now turns to Caliber's proposed additional stipulations. First, Caliber proposes that the Court establish a "reasonable limit" for AEO designated documents. The current, undeveloped record prevents the Court from making a "reasonableness" determination. Thus, at this time, any limit would be arbitrary and, therefore, the Court declines to establish one. Further, as of now, the Court has no reason to doubt Safelite's understanding of the perils inherent in continued over-designation both in terms of case delay and potential sanctions.

With respect to a timeframe for the re-review, as noted, Caliber has proposed that Safelite re-designate its documents within 14 days. For its part, Safelite has neither objected to this proposed timeframe nor offered any alternative. Nevertheless, the Court is mindful of the timing surrounding this Opinion and Order. Accordingly, the Court **DIRECTS** Safelite to complete its re-review within **THIRTY DAYS OF THE DATE OF THIS ORDER.**

Finally, Caliber proposes that, in the face of any re-designation challenge, Safelite be required to file a motion and supporting materials within 10 days seeking approval of such

3

challenged AEO designations or risk the loss of AEO status. (ECF No. 270 at 9.) For its part, Safelite proposes "a meet-and-confer process followed by, if needed, a single comprehensive motion that submits the disputed documents for the Court's review in camera." (ECF No. 268 at 12.)

As indicated above, the Stipulated Protective Order sets forth the governing procedure. Accordingly, at the conclusion of Safelite's re-review, if Caliber "believes that any documents have been inappropriately designated" by Safelite, the parties are **DIRECTED** to meet and confer. (ECF No. 84, at ¶ 12.) As part of that conferral, Safelite "must assess whether redaction is a viable alternative to complete non-disclosure." (*Id.*) "In the event of disagreement, [Safelite] shall file a motion pursuant to Federal Civil Rule 26(c)." (*Id.*)

To minimize the continued absorption of the Court's time with disputes between these specific parties and, importantly, to foreclose further delay in this now more than two-year old case, Caliber is **DIRECTED** to raise all AEO issues in the context of any necessary meet-and-confer. This should not present any undue burden to Caliber given its demonstrated in-depth familiarity with Safelite's production to date as reflected in its briefing.

Further, in the event the parties are unable to resolve all issues through the meet-and-confer process, Safelite is **DIRECTED** to file, **WITHIN FOURTEEN DAYS OF THE CONCLUSION OF ANY MEET-AND-CONFER PROCESS**, a single comprehensive motion seeking approval of the challenged AEO designations. Any motion must be accompanied by appropriate supporting materials. Such supporting materials include "evidence [in] the form of "affidavits, declarations pursuant to 28 U.S.C. § 1746, deposition excerpts, admissions, verified interrogatory answers, and other documentary of electronic exhibits" demonstrating a "particularized" harm and not simply "conclusory statements." *Brown v. Tellermate Holdings*

*Ltd.,* No. 2:11-CV-1122, 2014 WL 2987051, at *22 (S.D. Ohio July 1, 2014), *adopted as modified*, No. 2:11-CV-1122, 2015 WL 4742686 (S.D. Ohio Aug. 11, 2015).  The Court declines Caliber's invitation to pre-emptively threaten Safelite with the potential for the loss of AEO status.[2]

In sum, Caliber's motion (ECF No. 266) is **GRANTED, in part**, to the extent set forth above and **DENIED, in part**, in all other respects.

**IT IS SO ORDERED.**

Date: November 21, 2023                             /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court notes that Caliber's previous local counsel and those admitted *pro hac vice* to whom the documents were produced made no objections to the designations in the nearly two years that discovery in this case has been occurring.