IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAFELITE GROUP, INC.,

      **Plaintiff,**

      v.

NATHANIEL LOCKRIDGE, *et al.*,

      **Defendants.**

Case No. 2:21-cv-4558
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Undersigned on Defendant Caliber Collision Centers (Caliber Holdings Corporation) d/b/a Caliber Auto Glass ("Caliber") Objections to Portions of November 14, 2023 Magistrate Judge Opinion and Order (ECF No. 269) and Motion for Determination of Calibers Compliance with Order as to Safelites RFP 58.  (ECF No. 277).  Upon Calibers filing, the assigned District Judge returned the matter to the Undersigned, finding the motion to be more properly construed as a motion for reconsideration.  The motion has been fully briefed.  (ECF Nos. 286, 290.)  The Undersigned resolves the motion as follows.

**I.**

Under Rule 54, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities."  Fed. R. Civ. P. 54(b).

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*

*v. Tenn. Laborers Health & Welfare Fund*, 89 F. Appx 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). The standard governing a Rule 54 motion largely tracks the standard applicable to Rule 59 motions. "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. Appx at 959; *see also Adkisson v. Jacobs Engg Group, Inc.*, 527 F. Supp. 3d 961, 970 (E.D. Tenn. 2021) ("The moving party bears the burden of showing that reconsideration under Rule 54(b) is warranted, and that some harm or injustice would result if reconsideration were denied."), *affd on other grounds*, 35 F.4th 421 (6th Cir. 2022)).

## II.

The factual background of this case has been stated many times and the Undersigned will not repeat it here. Instead, the discussion will be limited to the procedural background underlying the current motion. On November 14, 2023, the Undersigned issued an Opinion and Order resolving competing motions to compel involving over thirty discovery requests. (ECF No. 269.) That resulted in a series of meet and confers between Safelites counsel and then newly-retained counsel for Caliber. In light of parties efforts through the meet and confers, Calibers challenge here is limited to the conclusion regarding Safelites RFP 66.[1] Caliber also

---

[1] Caliber characterizes the Undersigned's finding that Caliber did not challenge the relevance of the information requested in RFP 66 as clearly erroneous. Caliber cites in support, the conclusory phrase set forth in the Introduction section of its Response asserting generally that Safelite's Motion "ignores the relevancy and proportionality standards." (ECF No. 277 n.3, citing ECF No. 260 at 2.) As it related to RFP 66 specifically, this statement was unsupported and wholly undeveloped. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir.1997). A court is not required to make a party's case by scouring the party's various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir. 1995). When addressing RFP 66

2

seeks clarification that it has fully complied with the Opinion and Order regarding Safelites RFP 58.

The Undersigned considers the at-issue RFPs in turn.

1. **RFP 58:** All documents and communications that You had with other competitors regarding business agreements, business partnerships, expansion plans, joint business offerings, exclusive licensing agreements.

In seeking confirmation of its compliance, Caliber explains that, in accordance with the Opinion and Order, Caliber determined that two agreements with competitors in the auto glass market exist and agreed to produce those documents to Safelite. Calibers request for confirmation arises from a disclosure to Safelite about what the parties have deemed the "ABRA acquisition," an acquisition that started Calibers auto glass business around 2019. Based upon discussions with Safelites expert, counsel for Safelite determined that the documents related to the ABRA acquisition are responsive to RFP 58.

Caliber disputes that the ABRA acquisition documents are responsive for two reasons and has submitted a Declaration from its Senior Accounting Officer Thomas Springfield in support. First, Caliber contends that "ABRA is not and never was a competitor of Calibers in the auto glass business." (Declaration of Thomas Springfield, ECF No. 277-4, at ¶ 5.) Further, Caliber contends, that "[f]or the ABRA Transaction, [it] did not prepare any valuation, pricing, cost allocation, or similar analysis concerning ABRAs auto glass repair and replacement business because it was such an inconsequential piece of the collision deal." (*Id*. at ¶ 7.)

---

specifically, Caliber argued that it "requests all 'transactional sales records' for a five-year period, with zero geographic limitations. In no universe is this request necessary, nor is the burden justifiable, especially considering that Safelite already has access to Caliber's monthly revenues and profits for every market." (ECF No. 260 at 20.) This manner of advocacy did not add any "flesh" to "the bones" of a relevance argument and, Caliber's lack of substantive advocacy continued with Caliber's failure to appropriately support its claim of burden.

Safelite contends that Caliber is "splitting hairs" with its first argument and notes that it had communicated to Caliber its willingness to serve a new RFP. Safelites characterization appears accurate. Nevertheless, Calibers position that it did not consider ABRA a competitor in the auto glass business is undisputed on the current record. In the absence of any evidence to the contrary, the Undersigned has no choice but to conclude that, to the extent RFP 58 is to be understood as directed to "other competitors" in the auto glass industry, the documents relating to the ABRA Transaction do not squarely fit within the confines of RFP 58 as propounded. Accordingly, Caliber will not be ordered to produce the ABRA documents in response to RFP 58. Given this posture, the Undersigned declines to address the remainder of Calibers arguments directed to the ABRA documents. Nothing in this Order, however, is to be construed as foreclosing Safelites ability to serve a discovery request targeted more specifically to the ABRA acquisition documents.

- **RFP 66:** For all business locations currently offering auto glass replacement, repair, and recalibration services, All of Your Transactional sales records, including collision and auto repair sales and auto glass replacement, repair, and recalibration sales, itemized at the SKU level, for all material and service sales records to all customers on all sales from January 1, 201[8] to the present.

Caliber represents that the parties have agreed on a resolution to Safelites RFP 66 as it relates to Calibers auto glass business. (ECF No. 290 at 1.) As Caliber explains, Caliber will create and produce Auto Glass Transaction Reports that Safelite recently requested … as described on page 10 of Calibers objections." (ECF No. 290 at 1.) Accordingly, the only issue left to be resolved here with respect to RFP 66 relates to Calibers collision transactions. Caliber represents that there are no equivalent reports responsive to RFP 66 as it relates to collision transaction records at Calibers **auto glass** locations and that it cannot be required to create one. (ECF No. 277 at 19.)

4

For its part, Safelite acknowledges that Caliber cannot be required to create such a report. Nevertheless, Safelite asserts its expectation "that there is some sort of report, ledger, or other record of collision sales transactions whether contained in one or multiple documents." (ECF No. 286 at 8.) Safelite further contends that documents obtained in discovery and a review of Calibers website suggest that Calibers auto-glass and collision operations were more integrated than Calibers motion suggests, including at brick-and-mortar locations. Finally, Safelite argues that, to the extent that brick-and-mortar locations do not exist, Caliber should produce transactional records for the collision locations that are physically within the 49 auto glass markets where Caliber operates.

Not surprisingly, in reply, Caliber seizes on Safelites newly revised interpretation of RFP 66. According to Caliber, such a production would encompass over 500 million records generated in connection with collision repair orders for the requested time period. (Declaration of Thomas Springfield, ECF No. 290-1 at ¶ 6.) Caliber also contends that Safelites request with respect to collision records rests solely on speculation. As Caliber explains, its "auto glass business does not generate collision work for Caliber." (Declaration of Todd Dillender, ECF No. 277-3, ¶ 4, "Dillender Decl.") Finally, Caliber argues that requiring the production of the records Safelite apparently now seeks would not be proportional to the needs of the case.

Given the evolution of this issue, at this time the Undersigned will modify the previous Opinion and Order to the limited extent that Caliber is not required to make any further production in response to RFP 66, beyond the parties agreement. Safelite is seeking information directed to the extent Calibers auto glass business financially may have benefited from the alleged misappropriation of trade secrets. The parties have agreed to a method of production addressed to that issue. Safelite also wants to explore whether, by extension, Calibers collision

5

business benefited as well. This request rests on Safelites assumptions regarding Calibers operations structure. Caliber, however, has submitted a Declaration from its Chief Operating Officer attesting that "Calibers auto glass business does not generate collision work for Caliber." (Dillender Decl., ECF No. 277-3 at ¶ 4.) Met with this, Safelite offers only speculation and the curious suggestion that a proper resolution would be to require Caliber to produce transactional records for the collision locations that are physically within the 49 auto glass markets where Caliber operates. On the current record, Caliber has demonstrated that such a resolution would be burdensome. (*See* Declaration of Thomas Springfield, ECF No. 290-1, at ¶ 6.) Of course, less burdensome methods remain available to Safelite to confirm or dispel its underlying assumptions regarding Calibers operations structure. And, once armed with a more complete understanding, aside from the confines of the discovery schedule, nothing would foreclose Safelite from issuing any additional requests as warranted. Not to mention, the resolution of any dispute arising at that time would have the benefit of a more well-developed record. For now, however, on the record as it has evolved on this matter, the Undersigned will not direct Caliber to respond to RFP 66 beyond the parties current agreement.

### III.

For the reasons stated above, Calibers filing, construed as a Motion for Reconsideration (ECF No. 277) is **GRANTED** to the limited extent that the Courts previous Opinion and Order (ECF No. 269) granting Safelites Motion to Compel (ECF No. 258) is **MODIFIED, in part,** as to RFP 66 only. Based on the current record, Caliber is not required to respond to RFP 66 beyond the parties agreement. Further, Caliber has complied with the previous Opinion and Order (ECF No. 269) as to RFP 58.

**IT IS SO ORDERED.**

Date: February 8, 2024                                /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE